IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV - 6 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| ABRAHAM B. MEDINA, ET UX., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-286-A |
| | § | |
| RON HILL, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Now pending in the above-captioned action is the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by defendants, Ron Hill ("Hill"), Lisa Gordon ("Gordon"), Marriott Ownership Resorts, Inc.[1] ("MORI"), and J.W. Marriott, Jr. ("Marriott"), on October 11, 2012. Plaintiffs, Abraham B. Medina ("Abraham") and Minerva A. Medina ("Minerva"), did not respond to the motion. Having considered defendants' motion, plaintiff's complaint[2], and

---

[1] Defendants state in their motion that plaintiffs incorrectly named "Marriott Vacation Club" as a defendant, rather than "Marriott Ownership Resorts, Inc." As such, the court refers to such defendant as "Marriott Ownership Resorts, Inc." or "MORI."

[2] Plaintiffs, proceeding pro se, have filed three versions of their complaint; however, there are few, if any, meaningful differences among the three versions of the complaint, though there are some different documents attached to each complaint. Thus, the court refers to the documents as one

1

applicable legal authorities, the court concludes that such motion should be granted.

I.

Plaintiffs' Factual Allegations

Plaintiffs allege violations of unspecified provisions of the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601 et seq. They also allege that defendants violated Florida Statutes Section 721.07(6), which requires disclosure of certain aspects of a timeshare plan.

In their complaint, plaintiffs make the following factual allegations:

Plaintiffs, owners of a Marriott timeshare, attended a meeting in Las Vegas hosted by Hill, and, at some point in December 2011, made a purchase regarding their timeshare through Hill. At the closing of the sale, Hill pointed to a page in the contract for Minerva to sign, authorizing defendant to withdraw a maintenance fee of $820.00 from Minerva's account. Because the plaintiffs were busy with the holiday season, they failed to review the contract documents regarding the timeshare during the

---

"complaint" throughout this memorandum order and opinion, and refers to specific attachments if necessary.

2

ten-day cancellation period, and thus missed the deadline to cancel their timeshare purchase. They were reminded when Abraham reviewed their checking account activity during the first week of January 2012, and noticed that defendants had withdrawn the authorized monies. They first complained to their bank, which initially credited their account. However, the bank investigated the matter and concluded that plaintiffs had signed a contract authorizing defendants to withdraw the funds involved, and then cancelled the credit it had given to plaintiffs. Minerva then called Hill, who instructed plaintiffs to write a letter of cancellation, which plaintiffs did. In response to their letter, Hill informed plaintiffs that they had missed the ten-day cancellation deadline.

Plaintiffs began receiving calls and mail from Gordon's offices in Florida, reminding them about their mortgage payments. Plaintiffs "asked for her help," apparently to cancel their contract, but Gordon informed them that the transaction could not be reversed. Next, Abraham wrote a letter to Marriott, appealing for Marriott's assistance in the matter, to which Marriott did not reply.

II.

## Grounds of the Motion

Defendants contend that plaintiffs' complaint fails to state a claim upon which relief may be granted, asserting that the complaint fails to plead facts that could support a violation of any law by any of the defendants, and that the complaint fails to identify exactly what law or laws were allegedly violated by defendants. Defendants contend that the complaint contains no allegations that Marriott, Gordon, or MORI were even involved in the transaction of which plaintiffs complain, and that the alleged violations of RESPA and Florida law are not supported by any well-pled facts.

III.

## Analysis

A. <u>Standards Applicable to Motion to Dismiss</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

B.     Application of the Standards to the Amended Complaint

Applying the above-described legal standards to the plaintiffs' complaint, the court finds that plaintiffs' allegations for all claims fall short of the pleading standards. The complaint contains no facts that, if proven, could constitute a plausible claim for relief against any defendant. Plaintiffs allege violations of RESPA, but fail to even identify which provision of RESPA they contend defendants violated, and fail to allege any specific facts that could amount to a violation of RESPA. Plaintiffs state that RESPA was "created by Congress to help real estate clients FULLY UNDERSTAND the process" and "to protect the public from certain abusive practices." Compl. at 1.

Plaintiffs clearly are unhappy with their purchase and feel that they did not fully understand the process, but they fail to allege any facts that could show that any defendant violated a provision of RESPA. Plaintiffs grievances seem to center around the $820.00 maintenance fee, of which they claim they were not aware and not told. The sole specific fact plaintiffs allege regarding disclosure of information, or lack thereof, is that Hill pointed to the page that involved authorization for the

$820.00 maintenance fee, which Minerva signed and had the opportunity to read. No other facts regarding Hill's failure to disclose information are alleged by plaintiffs.

Plaintiffs also invoke Florida law, based on the fact that they received calls or mail regarding their account from MORI's offices in Orlando and Lakeland, and also because plaintiffs believe that such offices are involved with MORI's timeshare sales. The only facts alleged that have anything to do with Florida are that plaintiffs received reminders regarding their account and that Gordon, who apparently works in one of the Florida offices, informed them that their purchase could not be reversed. However, plaintiffs do not even identify where the actual sale took place, where the alleged timeshare property is located, or what information should have been provided to them under Florida law but was not.

Bearing in mind the standards for a motion to dismiss pursuant to Rule 12(b)(6), the court finds that the complaint is comprised primarily of the kinds of conclusory assertions, labels, and conclusions which the court need not accept as true, and that plaintiffs have failed to allege sufficient facts as

would state any claim for relief that is plausible on its face.

IV.

Order

Therefore,

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted in the above-captioned action by plaintiffs against defendants, be, and are hereby, dismissed.

SIGNED November 6, 2012.

_____
JOHN MCBRYDE
United States District Judge